IN THE UNTIED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Docket No. 3:15-CR-093-FDW |
| v. | ) | |
| | ) | |
| DIANDRE HAKEEM GRIFFIN | ) | **ORDER** |
| | ) | |
| | ) | |

In the Superseding Bill of Indictment in this case, the United States sought forfeiture of property that was used or intended to be used to facilitate the crime(s) charged, which would be subject to forfeiture under 18 U.S.C. § 922(g)(1), 21 U.S.C. §853, and 28 U.S.C. § 2461(c).

Defendant was convicted at trial by the jury on Count One in the Superseding Bill of Indictment and was adjudged guilty of the offense charged in that count. Based on evidence already in the record, including the defendant's conviction, the Government has established the requisite nexus between the property and such offenses.

It is therefore ORDERED:

1.      Based upon Defendant's conviction, the United States is authorized to seize the following property , and it is hereby preliminarily forfeited to the United States for disposition according to law, provided, however, that such forfeiture is subject to any and all third party claims and interests, pending final adjudication herein:

**One Stevens, Model 940E, Savage Arms 12-gauge shotgun.**

2.      Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct;

and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as to third-party interests pursuant to 21 U.S.C. § 853(n). Pursuant to Fed. R. Crim. P. 32.3(b)(4), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

Signed: September 8, 2016

Graham C. Mullen
United States District Judge